**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000435**
**13-MAR-2013**
**08:01 AM**

NO. CAAP-12-0000435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
FRIDAY SHOMOUR, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 11-1-0169)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Friday Shomour ("Shomour") appeals from the April 2, 2012 Judgment of Conviction and Sentence ("Judgment") entered by the Circuit Court of the First Circuit ("Circuit Court").[1] A jury convicted Shomour of two counts of Sexual Assault in the Fourth Degree, in violation of Hawaii Revised Statutes ("HRS") § 707-733(1)(a).[2] Shomour was sentenced on April 2, 2012, to concurrent one-year terms of imprisonment for each of the two counts, with credit for time served.

On appeal, Shomour contends that (1) the prosecutor engaged in misconduct by making improper remarks during closing arguments, and (2) the Circuit Court erred by instructing the jury with an inapplicable and misleading jury instruction and failing to instruct the jury with a necessary and proper instruction.

---

[1]    The Honorable Edward H. Kubo, Jr. presided.

[2]    Pursuant to HRS § 707-733(1)(a), "[a] person commits the offense of sexual assault in the fourth degree if . . . [t]he person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion[.]" See HAW. REV. STAT. § 707-733(1)(a) (1993).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Shomour's points of error as follows:

(1) Shomour contends that the State committed prosecutorial misconduct in three separate instances by making improper remarks during its closing arguments and that such misconduct, individually and cumulatively, constitutes reversible error. As Shomour did not timely object below to any of the allegedly improper remarks, we review for plain error.

(a) Shomour first argues that the State improperly inflamed the passions and prejudices of the jurors by using the complaining witness's ("C.W.") disability "as an emotional appeal to evoke sympathy from the jury." He argues that her disability was irrelevant to the issues at hand and that there was no legitimate basis upon which to infer that Shomour targeted C.W. because of her disability.

Shomour cites to *State v. Rogan*, 91 Hawai'i 405, 984 P.2d 1231 (1999), to support his argument. In *Rogan*, the Hawai'i Supreme Court held that it was improper for the prosecutor to remark during closing arguments that "finding 'some black, military guy on top of your daughter' is 'every mother's nightmare.'" *Id.* at 414, 984 P.2d at 1240. As the defendant's race was irrelevant to whether he committed the charged offense, the court construed the prosecutor's remarks as "contrived to stimulate racial prejudice" and an "improper plea to evoke sympathy." *Id.*

C.W.'s disability, on the other hand, was relevant as it tended to address Shomour's possible motive and means. Shomour agreed that he had recognized C.W. as "smaller than the average person[,]" speaking differently, and having "mannerisms [that] were a little different[.]" He also agreed that he had recognized C.W. as disabled. Given that C.W. alleged three instances where he approached her and touched or kissed her in an unwanted manner, it was not improper for the State to argue that the jury should infer that Shomour, perceiving C.W.'s apparent vulnerability, believed he could do so repeatedly. *See State v.*

2

*Clark*, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996) ("[A] prosecutor, during closing argument, is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." (citing *State v. Apilando*, 79 Hawai'i 128, 141, 900 P.2d 135, 148 (1995))). The State's remarks about C.W.'s disability and the inferences to be drawn therefrom were not improper and thus not a basis to find error.

(b) Shomour next contends that the State's argument that C.W. testified consistently "both in this proceeding and a proceeding prior" was improper and prejudicial. He argues that this remark left the jury to speculate regarding the prior trial's charges and outcome and that the State's argument regarding consistency misrepresented C.W.'s testimony.

It was not improper, however, for the State to reference the prior proceeding in its argument regarding the consistency of C.W.'s testimony because the evidence contained such references. Moreover, it was defense counsel who first made mention of the prior proceeding and introduced as evidence C.W.'s recollection of her testimony from that proceeding. Regarding the consistency of C.W.'s testimony, the State's argument below was that the discrepancies were not material. The State maintained that C.W. consistently testified in the two proceedings that Shomour touched her vagina with some part of his hand and that he touched one of her breasts. This is also proper argument, and Shomour fails to show error.

(c) Finally, Shomour contends that the State improperly vouched for C.W.'s credibility when it remarked that "State will reiterate [C.W.'s] testimony is credible. She's honest. She's clear and precise." Shomour argues that this was an expression of the prosecutor's personal opinion regarding C.W.'s credibility, which constituted reversible error.[3] The State

_____

[3] Shomour cites to *State v. Suan* for support in establishing the impropriety of the State's remark and its harmfulness. *See* 121 Hawai'i 169, 214 P.3d 1159 (App. 2009). *Suan*, however, is unhelpful in establishing harmfulness because the improper vouching there was but one of several separate sets of remarks that the court found, for different reasons, to be individually improper and *cumulatively* harmful, *see id.*, in contrast to the single instance of improper vouching alleged in this case. Moreover, as discussed *infra*, even if the remark were improper, any error was harmless.

responds that the remark, when taken in context, merely addressed C.W.'s candor in admitting to discrepancies in her testimony, and therefore was not improper vouching.

Prosecutors must refrain from expressing their personal opinions regarding the credibility of witnesses. *State v. Marsh*, 68 Haw. 659, 660, 728 P.2d 1301, 1302 (1986) (citing *United States v. Young*, 470 U.S. 1 (1985); *ABA Standards for Criminal Justice*, Standard 3-5.8 (2d ed. 1980)). The problem with such vouching is that "the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *Young*, 470 U.S. at 18-19.

Here, the comment that "[C.W.'s] honest" was made during rebuttal, appears to tie back to the prosecutor's comments in her initial closing argument, and responds to defense counsel's closing argument:

> [Prosecutor]: State argues [C.W.'s] testimony is credible. Although she's nervous, she was poised, she was direct, she was frank, she was clear, her -- she was intelligent, and her responses were thoughtful.
>
> . . . .
>
> [Defense counsel]: . . . [T]here's a variance in the State's own factual presentation to you of material facts. It's just that simple. You get one version, then you get another version, then you get a third version. It's a moving target. And why is that important? That goes to the credibility of, essentially, the complaining witness, the sole witness for the State.
>
> Initially she told you yesterday that she was on the sofa and that Friday Shomour approached her when she was watching TV and he placed a finger on her vagina. A year ago she said she was on the sofa and he put his palm on her crotch. Later, yesterday, she said, well, it wasn't really his finger; it was, like, the second knuckle of one of the middle fingers. . . . [J]ust the reporting itself is contradictory, which can, in and of itself, lead to a lack of credibility. If the story is changing, it's a moving target. It's more hard to find it credible.
>
> . . . .
>
> With regard to the breast, [C.W.] said yesterday that it was a finger above the . . . left breast, two or three inches above the left breast. . . . A year ago she showed Judge Kubo the opposite breast and up higher. So we have some material variances of the reporting here, which makes it difficult to find proof beyond a reasonable doubt. . . .
>
> One issue – another thing I'd like to point out for your consideration . . . is the delay in the report. . . . The first person she tells about this is a girl in her bible study class. Little lies become bigger.

. . . .

>[Prosecutor]: State will reiterate [C.W.'s] testimony is credible. She's honest. She's clear and precise. And based on her testimony, all the elements are proven beyond a reasonable doubt. And because all the elements are proven beyond a reasonable doubt, you need to find Defendant guilty of both charges of Sex Assault in the Fourth Degree.

Assuming for the sake of argument that the comment[4] was an improper expression of the prosecutor's personal opinion regarding C.W.'s honesty generally,[5] or that it may have been perceived as such by the jury, it does not rise to the level of reversible error. Generally, a single, minor, isolated instance of an improper assertion will not deprive a defendant of his right to a fair trial. See State v. Senteno, 69 Haw. 363, 366-67, 742 P.2d 369, 372 (1987) (declining to find reversible error where the prosecutor's remarks, while improper, were not "particularly egregious"); State v. Klinge, 92 Hawai'i 577, 592-93, 994 P.2d 509, 524-25 (2000) (holding that a once-repeated improper remark during closing argument asserting the people's safety as the highest law did not prejudicially affect the defendant's substantial rights); see also State v. Trujillo, 42 P.3d 814, 832 (N.M. 2002) ("An isolated, minor impropriety ordinarily is not sufficient to warrant reversal, because a fair trial is not necessarily a perfect one."). But see also State v. Benson, No. 29846, 2010 WL 2601488, at *3 (Haw. Ct. App. June 30, 2010) (SDO) (declining to hold that there must be multiple instances of misconduct to constitute reversible error).

Where, as here, witness credibility was a crucial issue and there was no specific curing instruction from the court, the nature or egregiousness of the misconduct may be determinative. See, e.g., Marsh, 68 Haw. at 660-61, 728 P.2d at 1302-03 (holding

---

[4]    We focus only on the comment that "She's honest." The preceding comment, that "State will reiterate [C.W.'s] testimony is credible," is fairly understood as reiterating prior argument and signposting additional argument. Even if the two comments were considered collectively, the outcome would remain the same.

[5]    At least one recent case, however, provides a persuasive basis for holding it not to be misconduct. See State v. Moore, No. 30000, 2011 WL 2857248 (Haw. Ct. App. July 19, 2011) (SDO) (declining to find misconduct where the prosecutor introduced a single remark regarding credibility with "I think" and proceeded to support the remark by discussing evidence).

plain error where the prosecutor's misconduct was "particularly egregious," having "expressed on at least nine occasions her belief that defense witnesses had lied," the case turned on witness credibility, and there was no prompt curing instruction to the jury); *Benson*, 2010 WL 2601488 (holding reversible error where the State twice argued in closing that the testifying police officers must be credible because they would not jeopardize their careers by perjuring themselves and a finding of officer credibility was crucial to the State's case).

The alleged error in the instant case is readily distinguishable from those in *Marsh* and *Benson*. Here, unlike in *Marsh*, the prosecutor did not engage in repeated assertions regarding her belief in C.W.'s credibility. Nor did the prosecutor, unlike in *Benson*, craft argument regarding credibility around an improper basis such as a police officer being more credible simply because he or she is a police officer;[6] the prosecutor made only the briefest of (possibly) improper assertions and otherwise advanced nothing but proper argument. The bare statement that "[s]he's honest," asserted in the midst of a broader argument describing a percipient lay witness's testimony and apparent characteristics, was far from egregious and does not constitute reversible error.

(2) Shomour contends that the Circuit Court erred by issuing the following jury instruction regarding unanimity:

> The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all twelve jurors must unanimously agree that the same act has been proved beyond a reasonable doubt. [7]

Shomour argues that this instruction was confusing and misleading and inconsistent with the instructions delineating the elements of each of the two counts. He also contends that the Circuit Court erroneously omitted an instruction apprising the jury that a finding of guilt on one count does not necessitate a finding of

---

[6] A related line of case law specifically holds that it is improper to argue that a police officer is credible simply because he or she is a police officer or because the officer will suffer adverse job consequences if he or she lies. *See, e.g., Suan*, 121 Hawai'i at 174-75, 214 P.3d at 1164-65.

[7] This instruction is derived from *State v. Arceo*, 84 Hawai'i 1, 928 P.2d 843 (1996).

guilt on the other count.

Shomour is correct that, because the State specified the particular acts upon which it was relying to gain convictions, the unanimity instruction was unnecessary. *Arceo*, 84 Hawai‘i at 27, 928 P.2d at 869. He fails, however, to provide authority that supports his contention that the Circuit Court erred by issuing the instruction.[8]

Contrary to Shomour's assertion, the unanimity instruction does not conflict with the instructions delineating the elements for each of the two counts. Here, the unanimity instruction, read in conjunction with the other instructions given, provides that the State might have produced evidence of more than one instance where Shomour placed his hand on C.W.'s genitalia or of more than one instance where Shomour placed his hand on her breast; and that, if so, in order to convict Shomour on either count, the jury must be unanimous in finding that Shomour committed any one such act supporting that count. Because the State produced evidence of only one instance where Shomour touched C.W.'s genitalia and only one instance where he touched her breast, the instruction is superfluous, but it is not conflicting.

Furthermore, Shomour fails to explain how this instruction might have confused or misled the jury such that it may have convicted Shomour less than unanimously for those specific acts with which he was charged. *Cf. Mundon*, 121 Hawai‘i at 353-55, 219 P.3d at 1140-42. The instructions defining the elements of each offense specified the particular acts with which Shomour was charged. Furthermore, the instructions corresponded unambiguously to the evidence presented. Finally, the jury was instructed that it must be unanimous on each of the two specific counts. Therefore, the inclusion of the unnecessary unanimity instruction was not reversible error.

---

[8] Shomour cites to *State v. Mundon* and *Arceo* for support; these cases establish that, in certain circumstances, it is error not to include a unanimity instruction. They are silent, however, on whether it is error to include such an instruction where it is unwarranted. *See State v. Mundon*, 121 Hawai‘i 339, 353-55, 219 P.3d 1126, 1140-42 (2009); *Arceo*, 84 Hawai‘i at 33, 928 P.2d at 875.

Shomour also contends that the jury should have received the following standard jury instruction:

> The defendant is charged with more than one offense under separate counts in the indictment/complaint. Each count and the evidence that applies to that count is to be considered separately. The fact that you may find the defendant not guilty or guilty of one of the counts charged does not mean that you must reach the same verdict with respect to [any] [the] other count charged.

Hawai'i Standard Jury Instructions Criminal 4.06 (1991). In this two-count case, where the acts underlying each offense were distinct, as was the corresponding evidence, the instructions when read as a whole were not prejudicially insufficient, erroneous, inconsistent, or misleading. *See State v. Kassebeer*, 118 Hawai'i 493, 504, 193 P.3d 409, 420 (2008).

Therefore, the Circuit Court's April 2, 2012 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, March 13, 2013.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

8